RICHARD L. HOLMES, Retired Appellate Judge.
This is a child support modification case.
The parties were divorced in July 1991. Under the terms of the divorce judgment, the mother was awarded custody of the parties’ two minor children, and the father was ordered to pay $328.90 per month as child support.
On June 12, 1995, the parties filed a joint petition for a modification of custody, alleging a material change in circumstances since the original divorce judgment. Specifically, the parties alleged that the mother was about to enlist in the United States Navy and that temporary custody of the two minor children should be vested in the father, until the mother completed her basic training and was assigned to a permanent duty station. The parties also agreed that the father would not pay child support while the children were in his custody.
On June 20, 1995, the court modified the original divorce judgment to include the terms of the modification agreement. On June 27, 1995, the parties filed another joint motion to amend the divorce judgment, wherein they stipulated that it would be in the best interests of the minor children for the father to have permanent custody. Thereafter, the court entered an order, wherein it awarded permanent custody of the minor children to the father.
On October 4, 1995, the mother filed a petition for a modification of custody, alleging a material change in circumstances since the trial court’s most recent order. Specifically, she alleged that she was discharged from the Navy in August 1995 and that when she returned home, the father refused to relinquish custody of the children to her. She also alleged that the father, who is a staff sergeant in the United States Army, received orders from the Army informing him that he was being assigned to Korea for one year and that he was to report by October 1,1995. The mother further alleged that the father intended to leave the children with his present wife while he was stationed in Korea. The father filed an answer and a counterclaim, wherein he sought child support.
In May 1996, following an ore tenus hearing, the court entered an order, which stated the following in pertinent part:
“This court has listened to the evidence and does not believe that either party is unfit or incapable of being a custodial parent. It further appears that the parties did not intend to create a permanent change of custody. It seems that the parents had the interests of the children at heart at the time of their modification petitions. After review of the evidence, this court believes that the best interests of the children would be materially promoted by having them returned to their mother.”
The father appeals, contending that the trial court’s order, dated May 16,1996, is so unsupported by the evidence as to be plainly and palpably wrong and that the trial court committed reversible error when it failed to evaluate the evidence in accordance with Ex parte McLendon, 455 So.2d 863 (Ala.1984). We agree.
Initially, we note that Ex parte McLendon requires that the party seeking a modification of custody demonstrate that a material change in circumstances has occurred since the most recent order of the trial court and that the change in custody will materially promote the child’s welfare and will more than offset the disruptive effect of the change in custody.
Our review of the record reveals the following pertinent facts: As stated previously, the parties were divorced in July 1991, and the mother was awarded custody of the children. The mother remarried in February 1994. In May 1994 the mother voluntarily sent the children to live with their father and his present wife. In April 1995 the mother divorced her second husband and filed for bankruptcy. In July 1995 she enlisted in the Navy; she was discharged in August 1995 because she falsified her entry records.
At trial the mother admitted that the children were well adjusted with the father and his present wife when she joined the Navy *855 and that she felt comfortable in giving the father custody. The record also reveals that the mother knew that the Army could send the father on an assignment at any time. The following testimony was elicited from the mother at trial:
“Q. Okay. And you knew [the children] had been well cared for all the way from May 1994 up until you decided to join the Navy, didn’t you?
“A. Yes.
“Q. And that was a voluntary act on your part; [the children’s father] didn’t suggest you join the Navy?
“A. No, he didn’t. I was trying to think of the well being for me and my children.
“Q. And you knew that [their father] was in the Army?
“A. Yes, I did.
“Q. And you knew that he was subject to being called out at any time when you joined the Navy, didn’t you?
“A. Yes, I did.
[[Image here]]
“Q. And you are not asking for ... the children [to] be returned to you right now, are you?
“A. No, they need to finish school-”
The mother further testified that the father loves the children and that he provides good care for them. She stated that the father and his present wife take the children to church on a regular basis and that they are actively involved in the children’s lives. The mother also testified that she remarried for a third time in January 1996 and that she presently has a job.
The father has been in the United States Army for approximately 15 years. He was serving in Korea at the time of trial and obtained a leave of absence in order to testify at the trial. At trial the father testified that the mother joined the Navy in order to “get her life together.” He stated that, after the mother was “kicked out” of the Navy, she returned home to live with her parents in a four-bedroom, one-bathroom house. In fact, the mother filed the latest custody petition while she was still living with her parents and was unemployed. The father stated that nine people were living in the parents’ house at that time. The father also contends that the mother has not told the children that she has remarried.
The record reveals that the minor daughter, while living with the father, has been involved in cheerleading, softball, soccer, and basketball. The minor son has been in involved in basketball, soccer, football, and baseball. The father testified that he has been either the head coach or assistant coach for all of his children’s sports. The father further testified that his present wife has been a “team mother.” The children are also members of a youth center. The father also testified that he called his children on a daily basis while in Korea. The record reveals that the father returned from Korea in September 1996.
On appeal the mother adamantly contends that she and the father had an agreement that the father would voluntarily relinquish custody of the children to her when the Navy assigned her to a permanent duty station. The father contends that the mother did not fulfill her obligation since she was “kicked” out of the Navy. We would note, however, that the fact that the parents had worked out an informal arrangement is irrelevant. There is a court order, wherein permanent custody of the children was transferred to the father.
This is a classic McLendon case. The mother voluntarily relinquished custody of her children to the father, and now she is seeking to have that custody returned. Therefore, the mother, in order to have the previous judgment modified, was required to prove that a change in custody would materially promote the children’s best interests and welfare. Ex parte McLendon, 455 So.2d at 865-66. She was also required to prove that the positive good brought about by a change in custody would more than offset the inherently disruptive effect of uprooting the children. Id.
The trial court’s order granting the mother’s request for a modification indicates that it applied the “best interests” standard rather than the McLendon standard. When *856 we review the evidence under the McLendon standard, we conclude that the mother failed to meet her burden of proof and that the trial court erred in granting the mother’s request for a modification of custody. We would also note that the children have a right to receive child support from their mother.
Additionally, we would be remiss in failing to note that the mother’s brief totally fails to comply with Rule 28(b), Ala.R.App.P. The mother’s brief does not include a table of contents with page references; a table of eases, statutes, or other authority; or any references to the record. In fact, the mother failed to present any authority to support her argument that the trial court was correct in granting her petition for a modification of custody.
Consequently, the judgment of the trial court is reversed and the cause is remanded with instructions to enter an order consistent with this opinion.
The father’s request for attorney fees on appeal is granted, and a fee of $750 is awarded. Accordingly, the mother’s request for attorney fees and other expenses on appeal is denied.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
All the judges concur.